**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| INDIANA STATE COUNCIL OF      ) <br> CARPENTERS PENSION FUND;     ) <br> CENTRAL MIDWEST CARPENTERS FRINGE   ) <br> BENEFIT FUNDS, INC.;     ) <br> INDIANA/KENTUCKY/OHIO REGIONAL   ) <br> COUNCIL OF CARPENTERS JOINT    ) <br> APPRENTICESHIP AND TRAINING FUND;  ) <br> and CENTRAL MIDWEST REGIONAL   ) <br> COUNCIL OF CARPENTERS,     ) <br>             ) <br>     Plaintiffs,      ) <br>             ) <br>    vs.         ) <br>             ) <br> DALLMAN CONTRACTORS, LLC, an Indiana  ) <br> limited liability company,    ) <br>             ) <br>     Defendant.     ) | Case No.:  1:26-cv-00503 |

## **COMPLAINT**

NOW COME the Plaintiffs, the INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND, CENTRAL MIDWEST CARPENTERS FRINGE BENEFIT FUNDS, INC., the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND ("collectively, the "Trust Funds"), and the CENTRAL MIDWEST REGIONAL COUNCIL OF CARPENTERS ("Union") (the Trust Funds and Union collectively referred to as "Plaintiffs"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant, DALLMAN CONTRACTORS, LLC ("Dallman Contractors"), and allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Section 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of the action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Trust Funds are administered, among other places, within the jurisdiction of the United States District Court, Southern District of Indiana, Indianapolis Division and a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred within the jurisdiction of the United States District Court, Southern District of Indiana, Indianapolis Division.

## PARTIES

3. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements ("CBAs"), and therefore, are multiemployer benefit plans as defined by 29 U.S.C. § 1002(37).

4. The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust ("Trust Agreements").

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Trust Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. CENTRAL MIDWEST CARPENTERS FRINGE BENEFIT FUNDS, INC. is the authorized collection agent for the Central Midwest Regional Council of Carpenters

Welfare Fund and the Central Midwest Regional Council of Carpenters Defined Contribution Pension Plan.

7.  The Union is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

8.  The Union is the bargaining representative of Dallman Contractors' bargaining unit employees.

9.  Dallman Contractors is an Indiana limited liability company with its principal place of business in Indianapolis, Indiana.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENTS

10. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-9 of this Complaint with the same force and effect as if fully set forth therein.

11. Dallman Contractors is an employer engaged in an industry affecting commerce.

12. Dallman Contractors entered into a Memorandum of Agreement ("MOA") with the Union. (A copy of the MOA is attached hereto as **Exhibit 1**).

13. Through the MOA, Dallman Contractors agreed to be bound by the Union's various CBAs (**Exhibit 1**).

14. Through the CBAs, Dallman Contractors agreed to be bound by the Trust Funds' Trust Agreements.

15. Pursuant to the provisions of the CBAs and Trust Agreements, Dallman Contractors is required to make monthly reports of the number of hours worked by its covered employees ("monthly remittance reports") and pay contributions to the Trust Funds and contributions and wage deductions to the Union at the negotiated rate set forth in the CBAs on or before

the twentieth (20th) day of the month following the month in which the work was performed.

16. Pursuant to the power granted to them through the Trust Agreements, the Trustees of the Trust Funds adopted a Collections and Payroll Audit Policy ("Collections Policy"), which governs the collection of delinquent employer contributions and the performance of payroll compliance audits.

17. Pursuant to Section 502(g)(2) of ERISA, the Collections Policy, and the Trust Agreements, employers who fail to submit their monthly remittance reports and remit contributions to the Trust Funds are responsible for the payment of liquidated damages, interest, and attorneys' fees and costs associated with the collection of the delinquent contributions.

18. Dallman Contractors failed to timely remit its contributions to the Trust Funds for the work months of November 2024 through March 2025.

19. As a result of its failure to timely remit its contributions to the Trust Funds for the work months of November 2024 through March 2025, Dallman Contractors owes Plaintiffs interest in the aggregate amount of $14,864.76.

20. Dallman Contractors submitted its monthly remittance reports for the work months of November 2025, December 2025, and January 2026 but failed to make the corresponding contributions and wage deductions payments to Plaintiffs in the aggregate amount of $79,881.61, itemized as follows:

| Month: | Amount: |
| --- | --- |
| November 2025 | $46,409.79 |
| December 2025 | $14,475.63 |
| January 2026 | $18,996.19 |
| **Total:** | **$79,881.61** |

21. As a result of Dallman Contractors' failure to pay contributions and wage deductions owed for the work months of November 2025, December 2025, and January 2026, Dallman Contractors also owes Plaintiffs $7,988.16 in liquidated damages and $7,988.16 in interest.

22. Dallman Contractors has an ongoing obligation under the CBAs to pay contributions and wage deductions on behalf of its covered employees; thus, additional contributions, wage deductions, liquidated damages, and interest may become due and owing.

23. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Defendant.

24. Dallman Contractors is obligated to pay reasonable attorneys' fees and court costs incurred by Plaintiffs' pursuant to the CBAs, Trust Agreements, Collections Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. Judgment be entered in favor of Plaintiffs and against Defendant Dallman Contractors in the aggregate amount of $110,722.69, itemized as follows:

   i. $79,881.61 in contributions and wage deductions for the work months of November 2025, December 2025, and January 2026; and

   ii. $7,988.16 in liquidated damages for the work months of November 2025, December 2025, and January 2026;

   iii. $22,852.92 in interest for the work months of November 2024 through March 2025 and November 2025 through January 2026.

B. Judgment be entered in favor of Plaintiffs and against Defendant Dallman Contractors for any other contributions, wage deductions, liquidated damages, and interest found to be due and owing in addition to those referenced in Paragraph A above;

C.     Defendant Dallman Contractors be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the CBAs, Trust Agreements, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D); and

D.     Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant Dallman Contractors' cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

**INDIANA STATE COUNCIL
OF CARPENTERS PENSION
FUND *et al*.**

/s/ Elishua J. Burca
Elishua J. Burca (39634-49)
JOHNSON & KROL, LLC
11611 N. Meridian Street, Suite 310
Carmel, Indiana 46032
Phone: (317) 864-3587
Facsimile: (312) 255-0449
burca@johnsonkrol.com